IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MATTHEW JONES, #2291637, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-318-JDK-KNM |
| HODGE UNIT STAFF OFFICERS, et al., | § § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Matthew Jones, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On December 21, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendants' motion to dismiss (Docket No. 42) and dismiss Plaintiff's lawsuit for failure to state a claim upon which relief can be granted. Docket No. 55. A copy of this Report was sent to Plaintiff, who has filed written objections. Docket No. 57.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify the objectionable findings. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D.N.Y. Sep. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

The Magistrate Judge found that Plaintiff's claim for denial of sex reassignment surgery fails as a matter of law under Fifth Circuit precedent. Docket No. 55 at 9–11 (applying *Gibson v. Collier*, 920 F.3d 212 (5th Cir. 2019)). She also found that Plaintiff has not demonstrated a substantial risk of serious harm and Defendants' deliberate indifference to such risk as necessary to support a claim for denial of safety. *Id.* at 11–16. Finally, the Report explained that Plaintiff had not

stated an Eighth Amendment claim in connection with access to showers and had not established any disparate treatment as required to state an equal protection claim. *Id.* at 16–18.

Plaintiff's objection does not identify any particular finding by the Magistrate Judge that is erroneous or subject to dispute. The objection simply states that "plaintiff is objecting to any and all findings." Docket No. 57 at 1. It goes on to ask several questions of the Court regarding prison operations. *Id.* at 3. This does not constitute a proper objection to the Magistrate Judge's Report. Further, it is not the Court's place to explain prison policy or the rationale that underlies it. Plaintiff's questions do not dispute the Magistrate Judge's findings that Plaintiff has not properly stated any claim for relief. And some of Plaintiff's questions, as well as the attached witness declaration of Jonathan Pendelton, pertain to allegedly improper pat downs and strip searches, neither of which is relevant to Plaintiff's claims as stated in this complaint in this lawsuit. *Id.* at 3, 6.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 55) as the opinion of the District Court. The Court **GRANTS** Defendants' motion to dismiss (Docket No. 42) and **DISMISSES** Plaintiff's claims for failure to state a claim upon which relief can be granted. This dismissal is without prejudice as to Plaintiff's claim

of deliberate indifference to safety and with prejudice as to all other claims. Any pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **12th** day of **January, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE